UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10446-RGS

UNITED STATES OF AMERICA

v.

PLACIDO PEREIRA

MEMORANDUM AND ORDER ON
AN APPEAL OF THE MAGISTRATE JUDGE'S
ORDER OF DETENTION

May 10, 2020

STEARNS, D.J.

This case is before the court on defendant Placido Pereira's appeal of an order of detention entered by Magistrate Judge Kelley on April 13, 2020. The appeal was entered in this court on April 24, 2020. The appeal was heard on May 8, 2020, with defendant and his counsel present by videoconference with the defendant's consent. For the following reasons, after de novo review of the record and consideration of the arguments of counsel, Magistrate Judge Kelley's order will be affirmed.

Pereira is charged with particularly serious offenses arising out of his role as the leader of a narcotics distribution gang styling itself as the "Head Shot Mafia" (or HSM).[1] HSM specialized in the sale of fentanyl in the City

---

[1] Specifically, he is charged with conspiracy to distribute fentanyl in an aggregate amount of 40 grams or more, distribution of fentanyl, being a felon in possession of a firearm, and possession of a firearm during and in relation to a drug trafficking offense.

of Brockton and the area south. Over the course of the investigation leading to his arrest, Pereira was involved in four direct sales of fentanyl to an undercover police officer. During a search of Pereira's home in Brockton, officers seized 95 grams of fentanyl, five pounds of marijuana, a Glock .380 pistol, $5,600 in cash, and the HSM cell phone used by the gang to take orders for fentanyl.[2]

Pereira has a serious prior criminal record dating back to at least 2004, including convictions for drug distribution and numerous firearms offenses. He has served three committed sentences in state custody for illegal possession of a firearm, assault with a dangerous weapon, and distribution of marijuana while in possession of a firearm. In 2010, he was sentenced to 37 months in federal custody for the distribution of crack cocaine. If convicted of the current offenses, Pereira faces a mandatory minimum sentence of at least fifteen years and a Guidelines Sentencing Range of 360 months to life. He has close ties to his native Cape Verde where he was residing when the indictment that led to the 2010 federal conviction was returned.

As Magistrate Judge Kelley noted, Pereira's present drug offenses and the potential penalties they carry give rise to a rebuttable presumption that

---

[2] For present purposes, I do not understand Pereira to be relitigating the Magistrate Judge's finding of probable cause, the supporting evidence for which she found "overwhelming."

Pereira poses a danger to the community and a risk of flight.  *See* 18 U.S.C. § 3142(e).  As did the Magistrate Judge, I find that the government has established by clear and convincing evidence that no conditions of release will reasonably assure the safety of the community.  I also agree with her finding that, given Pereira's family ties to Cape Verde, a preponderance of the evidence supports a finding that he poses a risk of flight that no presently feasible conditions of release can reasonably address.

I do not dismiss Magistrate Judge Kelley's concern (as further articulated by Pereira's counsel), that because of his medical condition (which includes symptoms of ulcerative colitis and rheumatoid arthritis), he is more vulnerable than many others might be should he contract the COVID-19 virus.  I do not, however, believe that his medical condition is so acute as to render the risk unmanageable.[3]  Moreover, the proposed conditions of noncustodial confinement are either impractical at present (ankle bracelet monitoring, for example) or inappropriate (viz., living in the former residence from which he dealt drugs).  I also note that release would take Pereira out of a setting in which medical services are available and place him in one in which they likely are not.  While I am as concerned as any judge with the impact of COVID-19 on prisoners, unless society is to make

---

[3] As Pereira's counsel acknowledged at the hearing, Magistrate Judge Kelley intervened with the Warden at Wyatt to have Pereira assigned to a one-man cell in the interests of promoting social isolation.

the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those acceptably eligible for release from those who, if released, pose an unacceptable risk to others. In my view, the Bail Reform Act provides judges with the appropriate factors to consider in making these difficult and, at times, heart-wrenching decisions.[4] For the time being, where to draw the line remains a matter of judicial and legislative discretion, and wherever the balance is struck, in my view Pereira would be a prime candidate for detention.

## ORDER

For the foregoing reasons, the Magistrate Judge's Order is <u>AFFIRMED</u>, and Pereira is <u>ORDERED DETAINED</u> pending resolution of his case.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

---

[4] As I have previously noted, I think Chief Justice Gants summarized the considerations admirably in admonishing state trial judges in that "in conducting . . . de novo review [of a detention decision], a judge must give careful consideration not only to the risks posed by releasing the defendant – flight, danger to others or to the community, and likelihood of further criminal acts – but also, during this pandemic, to the risk that the defendant might die or become seriously ill if kept in custody." *Christie v. Commonwealth*, 484 Mass. 397, 398 (2020).

4