UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10446-RGS

UNITED STATES OF AMERICA

v.

PLACIDO PEREIRA

MEMORANDUM AND ORDER ON
DEFENDANT'S APPEAL OF THE MAGISTATE JUDGE'S
ORDER OF DETENTION

March 17, 2022

STEARNS, D.J.

After reviewing Magistrate Judge Kelley's February 2, 2022 Order of Detention, and the subsequent submissions of the defendant and the government, I agree with the Magistrate Judge that no condition or combination of conditions will reasonably assure the safety of the community should defendant Pereira be released pending trial. She based her conclusion on defendant's long history of drug dealing,[1] involvement with firearms, and his demonstrated inability to abide by conditions of

---

[1] I do not accept the premise that dealing in fentanyl, a synthetic opioid described by the CDC as 50 to 100 times more potent than morphine, is not a serious federal offense, particularly given its exponential involvement in the escalating number of deaths resulting from opioid consumption. *See* https://www.cdc.gov/opioids/basics/fentanyl.html (last visited Mar. 17, 2022).

1

supervised release. Without belaboring the Magistrate Judge's findings, I find her ultimate determination to be well-grounded and therefore deny the instant appeal.[2]  On the other hand, Magistrate Judge Kelley found little to commend in the government's casual approach to its discovery obligations with respect to the exculpatory testing result that showed what the government believed to be 96 grams of fentanyl to in fact be mannitol, a non-controlled diuretic used as a cutting agent by drug dealers.[3]  Whether the government's dilatoriness in making the disclosure is a proper grounds for release from detention or for an outright dismissal of the indictment is a

---

[2] Pereira's overheated insistence that the Magistrate Judge's consideration of his prior criminal record in determining him a potential danger to the community "make[s] a mockery of the presumption of innocence and due process," Def.'s Mem. at 3, is wildly misplaced.  She was doing exactly what the Bail Reform Act directs her to do.  *See* 18 U.S.C. § 3142(g)(3)(A).

[3] This belated revelation led the government to supersede the original indictment, dropping a count charging Pereira with possession with the intent to distribute 40 grams or more of fentanyl.  This had the consequence of taking a mandatory 10-year sentence off the table.  On the other hand, the fentanyl involved in Pereira's four hand-to-hand sales to an undercover officer tested positive.  Aside from the dismissed count, Pereira remains charged with these sales, participation in a conspiracy to distribute fentanyl, possession with intent to distribute marijuana, being a felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking.  As Magistrate Judge Kelley observed, Pereira still faces a Guidelines sentence in excess of 10 years (by either his or the government's calculation), including a 5-year mandatory minimum sentence on one of the remaining firearms charges.

subject to be addressed in the hearing on Pereira's now pending motion to dismiss.[4] The same is true of his constitutional argument that his twenty-nine months detention to date violates his Sixth Amendment right to a speedy trial.

## ORDER

For the foregoing reasons, the appeal of the Magistrate Judge's detention order is <u>DENIED</u>.  The Clerk will schedule a hearing on Pereira's motion to dismiss.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[4] Magistrate Judge Kelley accepted Pereira's showing that, because of health issues, he is more vulnerable to COVID-19 than the average detainee his age.  That said, however, she did not believe that health concerns tipped the balance against her dangerousness finding.  I see no reason to question her finding, although I do not agree with her observation that Pereira would necessarily be better protected from COVID-19 by being released from custody into to the community.