UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10446-RGS

UNITED STATES OF AMERICA

v.

PLACIDO PEREIRA

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

May 23, 2022

STEARNS, D.J.

The facts underlying this heated motion to dismiss have been well laid out in the proceedings before Magistrate Judge Kelley in the successive appeals of her twice-considered orders of detention both of which were affirmed by this court, most recently on March 17, 2022. At the heart of the motion to dismiss is the government's failure to promptly disclose that a quantity of what was believed to be fentanyl seized from a shed at Defendant Placido Pereira's home tested instead as mannitol (a lawful substance). The evidentiary record supports Pereira's contention that the pertinent laboratory test certificate was dated May 15, 2020, but was not provided to the defense until August 17, 2021. The impact of the disclosure is reflected in the Superseding Indictment returned on September 16, 2021, which in Count 8 substituted a charge of possession of marijuana with the intent to

1

distribute for the far more serious charge of possession of 40 grams or more of fentanyl with the intent to distribute.  The amendment of Count 8 had a significant impact on Pereira's eventual sentence (if found guilty) by eliminating a mandatory 15-year sentence.[1]

Pereira's counsel maintains that the government's failure to promptly disclose the drug certificate amounted to blatant prosecutorial misconduct that warrants dismissal of the indictment altogether.  In his memorandum, Pereira's counsel accuses the government attorney of having "outright lied on multiple occasions," Dkt # 209, at 5, of having refused to "acknowledge, let alone apologize for [these] outright lies, " *id.* at 6, and of having engaged in knowing and intentional misconduct "in callous disregard for Pereira's health . . . exacerbated by the outright and repeated lies the Government told the court with respect to the timing of drug testing in the case." *Id.* at 8.[2]

---

[1] The proven fentanyl involved in Pereira's four alleged hand-to-hand sales to an undercover officer remained on the table.  Aside from these sales, the government charges Pereira with participation in a conspiracy to distribute fentanyl, possession with intent to distribute marijuana, being a felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking.  As Magistrate Judge Kelley observed in denying the second motion for release from detention, Pereira still faces a Guidelines sentence of more than 10 years (by either his or the government's calculation), including a 5-year mandatory minimum sentence on one of the firearms charges.

[2] At oral argument, counsel suggested that this was all done to pressure Pereira into forgoing a trial and entering a plea agreement.

The government, thorough the Assistant United States Attorney (AUSA) prosecuting the case, admits negligence in his failing to realize that one of the drug certificates (significantly, the one with the negative fentanyl result) had been unaccounted for.  He attributes the error in part to his unfamiliarity with the internal procedures of the Massachusetts State Police Crime Laboratory (MSPCL), and in part to the disruption caused by the COVID-19 epidemic.  But he accepts full responsibility for not having recognized the discrepancy between the number of Counts in the indictment and the number of supporting drug certificates that were produced during discovery.

Given the seriousness of the allegations, the court heard oral argument on the motion to dismiss on April 12, 2022.  The court adopted a proposal of Pereira's counsel and ordered the AUSA to produce under seal his internal file reflecting all communications he had with the MSPCL regarding the drug testing in Pereira's case. Dkt # 234. The government complied on April 20, 2022.  Sealed Dkt # 236.

The court has now had the opportunity to review *in camera* the AUSA's file.  Based on that review, I am persuaded that the dilatoriness of the government is a product of honest mistake at best amounting to negligence. I also find that on realizing the mistake, the AUSA acted promptly to rectify the error.  Any potential prejudice to Pereira was obviated by the superseding indictment amending out the most serious of the fentanyl

3

distribution counts. Moreover, I do not find that the Magistrate Judge's ultimate detention decision was influenced by the error. Nor was this court in affirming her decision.[3] Finally, even if I believed misconduct, even serious misconduct, had occurred, dismissal of the indictment (as defendant acknowledges) is a remedy reserved for only "the most appalling and egregious situations." *United States v. Guzman*, 282 F.3d 56, 59 (1st Cir. 2002). This is not one.

## ORDER

For the foregoing reasons, the defendant's motion to dismiss is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[3] As this court held in denying the appeal of the second motion for release, "I agree with the Magistrate Judge that no condition or combination of conditions will reasonably assure the safety of the community should defendant Pereira be released pending trial. She based her conclusion on defendant's long history of drug dealing, involvement with firearms, and his demonstrated inability to abide by conditions of supervised release. Without belaboring the Magistrate Judge's findings, I find her ultimate determination to be well-grounded and therefore deny the instant appeal." Dkt #226 at 1-2.

4